# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMIE LEE, on her own behalf and on behalf of others similarly situated; | ) ) ) | |
| Plaintiff | ) ) | Civil Action No. _____ |
| v. | ) ) | COMPLAINT |
| ALACRITY ADJUSTING SOLUTIONS LLC; | ) ) ) | COLLECTIVE ACTION |
| Defendant. | ) | |

Plaintiff Jamie Lee, on behalf of herself, the Opt-In Plaintiffs named below, and all other similarly situated employees, hereby alleges as follows.

## THE PARTIES

1. Named Plaintiff Jamie Lee is an individual of the full age of majority and a former employee of Defendant until she was laid off in February 2024. She is a resident of Jefferson Parish, Louisiana.

2. Shaymon Curry is an individual of the full age of majority and a former employee of Defendant until he was laid off in October 2023.

3. William Mozek is an individual of the full age of majority and a former employee of Defendant.

4. Lori Presson is an individual of the full age of majority and a current employee of Defendant.

5. Brandon White is an individual of the full age of majority and a former employee of Defendant.

6. Joshua West is an individual of the full age of majority and a former employee of

Defendant.

7. Alexandra West is an individual of the full age of majority and a former employee of Defendant.

8. Jacqueline Gelvin is an individual of the full age of majority and a former employee of Defendant.

9. Barbara Whittaker is an individual of the full age of majority and a former employee of Defendant. Although Defendant no longer considers Whitaker an employee, she currently provides services for Defendant and is paid as a 1099 independent contractor.

10. Additional opt-in plaintiffs are expected to join this action. Their Consent Forms will be filed accordingly, pursuant to 29 U.S.C. § 216(b).

11. Defendant Alacrity Adjusting Solutions, LLC is a Delaware limited liability company with its principal place of business within the Eastern District of Louisiana at 1007 West Thomas St., Suite M, Hammond Louisiana.

12. On information and belief, there are numerous other Alacrity corporate entities operating in Louisiana (and other states). Plaintiff is not privy to information regarding the precise corporate relationship between these entities. Plaintiff reserves the right to name additional joint employers as additional facts develop via discovery or investigation.

## JURISDICTION AND VENUE

13. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

14. Defendant resides within this District, and a substantial part of the events or omissions giving rise to this claim occurred within this District. In particular, the Plaintiffs' paychecks issued from 1007 West Thomas St., Suite M, Hammond Louisiana.

15. Venue is therefore proper in this Court. 28 U.S.C. § 1391.

16. Defendant operates insurance adjusting services for claims and policies arising in states throughout the Gulf Coast including Louisiana, Mississippi, Texas, and other states.

17. Defendant is therefore engaged in commerce pursuant to 29 U.S.C. § 203(s).

18. Defendant's annual gross volume of sales made or business done has exceeded $500,000 for each year during the relevant time period.

## FACTUAL ALLEGATIONS

19. Plaintiffs are current or former employees of Defendant, in its insurance adjusting business, within the three years prior to the filing of this Complaint.

20. Plaintiffs were paid on a day rate basis, meaning they would receive a set dollar amount for each day worked. This sum ranged from $525 per day to $575 per day, depending on the plaintiff, during the relevant time frame.

21. Plaintiffs were regularly scheduled to work six days a week, ten hours a day. Plaintiffs were required to log a minimum of ten hours of work a day.

22. In reality, Plaintiffs often worked more than sixty hours in a week, if that was necessary in order to get the job done. They were not able to track this time, however, as the Alacrity timekeeping system did not allow employees to record more than ten hours of work in one single day.

23. Plaintiffs did not receive any days of vacation or paid time off. If a Plaintiff did not work a full ten-hour day, his or her pay would be deducted. For example, if a Plaintiff left part-way through the workday for a doctor's appointment, he or she would only be paid ½ or even ¼ the daily rate. (In late 2023, a policy was announced allowing five days of paid time off, but most Plaintiffs were laid off shortly thereafter).

24. Defendant did not pay any Plaintiff a guaranteed salary of at least $684 per week as required by *Hewitt v. Helix Energy Solutions*.

25. Defendant did not pay any Plaintiff an overtime premium for hours worked past forty in a workweek.

26. Plaintiffs are aware of other former employees of Alacrity who were similarly paid on a day rate, with no guaranteed salary basis, within three years prior to the filing of this Complaint.

27. These other employees are similarly situated because they were paid based on a day rate with no overtime premium, and regularly worked sixty or more hours per week. These members of the putative collective have thus been subject to a common policy and plan to violate the FLSA's overtime premium requirement.

28. Plaintiffs ask that, at the earliest practicable time, the Court allow discovery regarding those employees and authorize distribution of notice and an opportunity to join this action.

## First Cause Of Action

## Failure To Pay Overtime (29 U.S.C. § 207)

29. All paragraphs set forth above are hereby realleged and reincorporated, as if fully set forth herein.

30. The FLSA requires employers to pay employees an overtime premium for all hours over forty in a workweek. 29 U.S.C. § 207.

31. Defendant has never paid Plaintiffs, or the members of the putative collective, a time and a half premium for their hours worked past forty.

32. Plaintiffs, and the members of the putative collective, were regularly scheduled to work sixty hours per week, and would frequently work even longer hours, without payment of any overtime premium.

33. Defendant failed to maintain accurate record of hours worked, because its

timekeeping system would not permit employees to record more than ten hours of work in any workday. Plaintiffs are therefore entitled to prove their hours worked via just and reasonable inference.

34. Defendant operated with a purposeful and intentional practice of refusing to pay overtime to Plaintiffs and other day rate employees.

35. Defendant's nonpayment was willful and not based in a good faith belief that its conduct was in accordance with the law.

36. Plaintiffs request trial by jury.

**WHEREFORE**, Plaintiffs respectfully pray for judgment as follows:

a. That the Court authorize notice to other employees who were similarly situated;

b. For an award of all unpaid wages and overtime according to proof;

c. For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

d. For an award of reasonable attorney's fees and costs of suit;

e. For injunctive or equitable relief as provided by law;

f. For pre and post-judgment interest to the extent provided by law; and

g. For such other and further relief as may be just and proper.

Respectfully Submitted,

*/s/ Charles J. Stiegler*
Charles J. Stiegler
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite #104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com